[No. 2,724.]

## HARVEY W. SNOW AND E. H. SAWYER *v.* ANGELO FERREA AND NICHOLAS FERREA.

CONTRACT TO PAY PURCHASE MONEY OF LAND.—If the purchaser of land who acquires possession from his grantor, contracts to pay the purchase money when his grantor obtains the title of the United States, and if this possession disables the grantor from acquiring the title of the United States, and enables the purchaser to obtain it in his own name, the purchaser must pay the purchase money, less the expense he was at in obtaining the title from the United States.

CONSTRUCTION OF CONTRACT.—An agreement to procure the title of the United States to land, and then execute a deed to the other contracting party, is complied with by procuring a patent of the United States to the other party.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The plaintiffs had judgment, and the defendants appealed. The other facts are stated in the opinion.

*Wm. S. Wells,* for Appellants.

Under the terms of the contract plaintiffs are not entitled to recover. The mortgagee was not able to perform his contract. The agreements are dependent, and strict performance must be proved. (*Sanders* v. *Whitesides,* 10 Cal. 88; *Champlin* v. *Rowley,* 18 Wendell, 187; *Paige* v. *Ott,* 5

Denio, 406; *McKnight* v. *Dunlap*, 4 Barbour, 36; *Pratt* v. *Gulick*, 13 Barbour, 297; *Parker* v. *Parmelee*, 20 Johnson, 130; *Johnson* v. *Weygant*, 11 Wendell, 48; *Morris* v. *Fliter*, 1 Denio, 59; *Williams* v. *Healey*, 3 Denio, 363; *Mill Dam Foundry* v. *Hovey*, 21 Pick. 441.)

*Thomas P. Stoney* and *Hartson & Burnell*, for Respondents.

Nicholas Ferrea having acquired title to the premises under the Suscol Act cannot refuse to pay the purchase money secured by the Hannibal note and mortgage. By purchasing the land himself, Ferrea rendered it impossible for Hannibal to do so. The performance of the condition having been prevented by his own act, he cannot avail himself of the breach. (*Steinbach* v. *Leese*, 13 Cal. 367; Story on Contracts, Sec. 32; *Galloway* v. *Finely*, 12 Pet. 293; *Marshall* v. *Craig*, 1 Bibb's Rep. 395; *Treadgill* v. *Pintard*, 12 How. U. S. 31; *Major* v. *Hickman*, 2 Bibb, 217; *Carroll* v. *Collins*, 2 Bibb, 429.)

Ferrea having acquired his possession from Hannibal cannot purchase a better title and then refuse to pay the purchase money.

"Equity treats the purchaser as a trustee for his vendor, because he holds under him, and acts done to perfect the title by the former, when in possession of the land, inure to the benefit of him under whom the possession was attained and through whom a knowledge of a defect of title was obtained." (*Bush* v. *Marshall*, 6 How. U. S. 291.)

By the COURT:

This suit was for the foreclosure of a mortgage executed by one Angelo Ferrea to Henry Hannibal, the assignor of plaintiff, to secure the performance of the following written contract:

"VALLEJO, November 17th, 1862.

"On demand, after Henry Hannibal shall obtain the title of the United States of America, and execute to me a good and valid warranty deed against all parties, the United States of America included, in and to what is known as the Brownlee Field, upon the Suscol Rancho, Solano County, State of California, as a consideration therefor, I promise to pay to Henry Hannibal, or order, the sum of six hundred and thirty and sixty one hundredths dollars, with interest thereon until paid of one per cent per month, payable annually.

(Signed)                    "ANGELO FERREA."

The record discloses the following facts: The mortgaged premises were a portion of the Suscol Rancho, in the County of Solano. On the day of the execution of the mortgage, Hannibal, being in actual possession of the land, and claiming under a grant from M. G. Vallejo, conveyed the same by a warranty deed to Angelo Ferrea, and as a part of the consideration of the sale received from him the agreement and mortgage in suit.

Angelo Ferrea went into possession under the deed, and on the 5th day of September, 1863, sold and conveyed the land to the appellant, Nicholas Ferrea, who had notice of the mortgage.

At the date of the conveyance from Hannibal to Angelo Ferrea, the grant and title of Vallejo had been adjudged to be void by a decree of the Supreme Court of the United States. The Act of Congress of March 3d, 1863, extended the lines of the public surveys over the Suscol Rancho, and gave to all bona fide purchasers from Vallejo or his assigns the right to enter the land so purchased, to the extent to which the same had been reduced to possession at the date of the adjudication of the Supreme Court. Nicholas Ferrea presented his claim under the Act as a bona fide purchaser, and on the 20th day of July, 1867, received a patent from

the United States. He now claims to hold the land free from the lien of the mortgage, alleging, among other defenses, a total failure of the consideration of the contract for payment.

The Court below adjudged that the plaintiffs were entitled to a decree for the principal and interest in the agreement mentioned—less the sum of two hundred dollars expended by the defendant in his proceedings to obtain the patent of the United States.

1. The effect of the conveyance and delivery of possession by Hannibal to Angelo Ferrea, and the subsequent conveyance and delivery of possession by the latter to the defendant, enabled the defendant to present his claim under the Act of Congress, and so to obtain the title provided for in the contract between Hannibal and the said Angelo; and the further effect of the conveyance and delivery of possession was, that Hannibal was thereby disabled from maintaining the claim against the United States in his own name. Had he taken steps for the purpose of procuring the title from the United States, he must have done so in the name of Angelo, or of the defendant, who had each in turn succeeded to the Vallejo title.

2. The undertaking upon the part of Hannibal to procure the title of the Government, though in form a condition, was in reality a mere agreement upon his part to do so, and would have been substantially complied with had he procured a patent running to either Angelo or the defendant by name. To hold otherwise would be to absolutely defeat a recovery of the purchase money altogether, inasmuch as the present effect of the transaction between Hannibal and Angelo was to put it out of the power of the former to proceed in his own name to obtain the title. The defendant, in the character of holder of both title and possession under Hannibal, having obtained the patent himself, was entitled

to a deduction of the amount expended by him for that purpose, and this was allowed him by the terms of the decree.

We perceive no error in the proceedings, and the decree is affirmed.