[No. 5146.]

JOHN B. FRISBIE v. HANNAH A. MOORE AND R. E. F. MOORE, HER HUSBAND.

CONDITIONAL CONTRACT.—If, at the time an application was pending in the United States Courts for the confirmation of a Mexican grant, the grantee sold and conveyed the same, and the vendee agreed to pay the purchase price on the final confirmation of the grant, and the grant was afterwards rejected, the rejection released the vendee from his obligation to pay, even if an Act of Congress was afterwards passed under which the vendee pre-empted and acquired the title to the land.

CONDITIONAL NOTE.—If a promissory note is made payable on condition that a proceeding, pending in the Courts, is decided in favor of the payee, and the proceeding is decided against him, the note cannot be enforced.

APPEAL from the District Court, Seventh Judicial District, County of Napa.

After the Supreme Court of the United States had rejected the Suscol grant, Congress, on the third day of March, 1863, passed an act for the relief of the purchasers under Vallejo and his assigns of portions of the said Suscol rancho, entitled "An act to grant the right of pre-emption to certain purchasers on the Suscol rancho, in the State of California," by the terms of which *bona fide* purchasers from said Vallejo or his assigns were permitted to enter and purchase according to the lines of the public surveys at one dollar and twenty-five cents per acre the lands so purchased. The defendant, under said act, acquired, from the United States, a title to the mortgaged premises.

The following is the note given by the purchaser for the land:

"VALLEJO, 17th August, 1861.

" $1,000.

" On the final confirmation by the constituted authorities of the Government of the United States of America of the rancho of Suscol, in the State of California, I promise to pay to the order of John B. Frisbie the sum of one thousand dollars, with interest from date at the rate of ten per cent. per annum, for value received.

"Signed       HANNAH A. DAVIS."

The other facts are stated in the opinion.

*Thomas P. Stoney*, for the Appellants.

The defendant's promise was conditional. The money was to be paid " on the final confirmation by the constituted authorities of the Government of the United States of the rancho of Suscol." The happening of that event was a condition precedent to the plaintiff's right to payment. (*Sanders* v. *Whitesides*, 10 Cal. 88; *Sternbach* v. *Leese*, 13 Cal. 366.) It was necessary, therefore, for plaintiff to allege and prove such "confirmation" of the Suscol Rancho, or that the condition had been waived or its performance prevented by the defendant. (*Campbell* v. *French*, 6 T. R. 200; *Cullen* v. *Powell*, 6 T. R. 320; 2 Smith's Leading Cases, 1; *Salinas* v. *Wright*, 11 Texas, 572; *Whiting* v. *Spencer*, 4 Cow. 39; *Mounsey* v. *Drake*, 10 John. 27; *Smith* v. *Briggs*,

3 Den. 73; *Butler* v. *Tucker*, 24 Wen. 447; *Smith* v. *Brady*, 17 N. Y. 173; *Dodge* v. *Caddington*, 3 Johns. 146.)

*Wm. Irvine*, for the Respondent.

By the Court:

It appears from the agreed statement of facts that in the year 1861, the plaintiff, being a purchaser from Vallejo (the grantee of the Mexican Government), of a parcel of land included in the Suscol rancho, sold it to the female defendant, then an unmarried woman, and conveyed it to her by a deed containing no covenant of warranty; that a portion of the purchase money was paid at the date of the deed, and the vendee then executed to the plaintiff her obligation in writing, whereby she undertook to pay him the further sum of $1,000 with interest, " on the final confirmation by the constituted authorities of the Government of the United States of America, of the rancho of Suscol, in the State of California;" and at the same time executed a mortgage to the plaintiff on the premises conveyed, to secure the performance of the obligation. The action is to enforce payment of the $1,000, with interest, and for a foreclosure of the mortgage. It further appears that, at the date of the conveyance and of the obligation and mortgage, the claim of Vallejo for a confirmation of his title to the Suscol rancho was pending and undecided in the Supreme Court of the United States; but was subsequently finally rejected and pronounced invalid by that court. It also appears that on obtaining the conveyance from the plaintiff, the vendee entered into and has ever since remained in possession of the premises conveyed; and that on the passage of the Act of Congress of March 9, 1863, granting to purchasers from Vallejo the right to pre-empt the land so purchased, she instituted proceedings under that act to obtain the title of the United States, and ultimately succeeded in obtaining a patent for the land under that act, but in accomplishing this result was forced to expend a considerable sum of money. The court below, after crediting her with the sum so expended, entered a judgment against her for the remainder

of the $1,000 and interest, and directed a foreclosure of the mortgage for the balance so ascertained, and from this judgment the defendants appealed.    The plaintiff contends that the case is not distinguishable in principle from *Snow* v. *Ferrea* (45 Cal., 195).    But in that case the contract was entered into *after* the title to the Suscol rancho had been finally rejected, and the undertaking of the vendee was that " on demand after Henry Hannibal (the vendor) shall obtain the title of the United States of America, and execute to me a good and valid warranty deed against all parties, the United States of America included, in and to what is known as the Brownlee field upon the Suscol rancho," the vendee would pay to the vendor a specified sum.

In the present case, the contract and the circumstances under which it was entered into were quite different.    The vendee undertook to pay the $1,000 on one condition only, viz.: on the final confirmation of the title to the rancho, and that event has not occurred.    She did not undertake to pay, as in *Snow* v. *Ferrea*, on the wholly different condition that the vendor would procure the title of the United States, and convey it to her by a deed of warranty.    When the title was finally rejected, and the condition became impossible of performance, there was an end of the contract to pay. To hold that the liability of the vendee was revived by reason of subsequent legislation, not looking to a confirmation of the title, but proceeding expressly on the ground that the title was void, would be not to interpret the contract which the parties made, but to make for them a wholly different contract, not within their contemplation at the time.    It cannot be denied that the liability of the defendants under the contract ceased by its very terms when the title to the rancho was finally rejected, and it cannot be revived except by a new contract.    For these reasons the defendants were entitled to judgment.

Judgment reversed and cause remanded, with an order to the court below to enter judgment for the defendants.

WALLACE, C. J., dissenting:

I think that this case cannot, in principle, be distinguished from that of *Snow* v. *Ferrea*, referred to in the opinion of the majority of the Court. In that case, as in this, the purchaser entered into immediate possession of the premises under the purchase, and only by reason of such possession was enabled, under the act of Congress of March 3, 1863, to obtain the title of the United States, and the grantor, in that case Hannibal (in this case Frisbie), was "thereby disabled from maintaining the claim against the United States in his own name. (*Snow* v. *Ferrea*, supra.)

In that case the condition was that the grantor "shall obtain the title of the United States;" in this case, the condition is that there shall be "final confirmation by the constituted authorities of the United States," etc. Now, while these conditions differ in point of mere phraseology, they are in substance one and the same. The purchaser in each case contracted for *the title of the United States*, and in each case obtained it. In the present case, had the Vallejo title been finally confirmed by the Court, the stipulated title would have been obtained through the decree of confirmation. This would be so, because the Supreme Court of the United States is one of "the constituted authorities of the government of the United States," through whose favorable action the title of the United States might have been obtained within the conceded terms of the condition. But the Congress of the United States is also one of the "constituted authorities," through whose favorable action the title of the United States might be, as it was in point of fact, obtained. The equity upon which the case of *Snow* v. *Ferrea* was determined here was founded upon the circumstance that the purchaser had, in fact, obtained the title of the United States, and had been enabled to do so only through the possession which had been taken under the purchase, both of which circumstances also appear in the case now under consideration.

I, therefore, dissent from the judgment of the majority, and am of opinion that the judgment of the court below should be affirmed.