[No. 11149.   Department Two. — June 9, 1888.]

CAROLINE CARPENTER, APPELLANT, v. ROBERT
EWING, RESPONDENT.

INSTRUCTIONS — APPLICATION TO EVIDENCE — APPEAL — OBJECTION FOR
FIRST TIME. — If a case is tried upon the theory that certain evidence
is admissible under the pleadings, and such evidence is offered and re-
ceived without objection, it is the duty of the court to instruct the jury
upon the law of the case as presented by the evidence, and the losing
party cannot raise an objection to such evidence, or to the instructions
applicable thereto, upon appeal for the first time.

ID. — PRESUMPTION AS TO INSTRUCTIONS. — When none of the evidence ap-
pears in the record, it will be presumed to have justified the instruc-
tions, and the judgment will not be disturbed on account of alleged error
in the instructions, unless it appears that they would have been errone-
ous under every conceivable state of facts.

APPEAL from the judgment of the Superior Court of
the city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion.

*George N. Williams*, for Appellant.

*Lloyd & Wood*, for Respondent.

BELCHER, C. C.—This is an action of ejectment to re-
cover a strip of land eight inches wide and twenty-four
feet long. The complaint contains the ordinary allega-
tions of ownership and ouster, and is not verified. The
answer contains a general denial, with allegations of ac-
tual and *bona fide* possession by defendant and his gran-
tors for more than five years before the commencement
of the action, and the plea of the statute of limitations.

The case was tried before a jury, and a verdict re-
turned for defendant, on which judgment was entered.
The plaintiff appealed from the judgment, and has
brought up in the transcript the pleadings, judgment,
and nine instructions given to the jury at the request of
the defendant, but none of the testimony on which the
instructions were based.

The appellant insists—and this is the only point made—that the first five instructions, though admitted to be sound as abstract propositions of law, were misleading and erroneous, because not applicable to the issues raised under the plea of the statute of limitations.

The instructions complained of relate to an agreed line between contiguous owners of real property, and an acquiescence therein for the period of five years.

Whether evidence as to an agreed line and long acquiescence, if objected to, was admissible under the pleadings or not, it is not necessary to determine. If the case was tried upon the theory that such evidence was admissible, and it was offered and received without objection, it became the duty of the court to instruct the jury upon the law of the case as presented, and the losing party cannot be permitted here for the first time to raise an objection on this ground. (*Boyce* v. *California Stage Company*, 25 Cal. 460; *Bell* v. *Knowles*, 45 Cal. 193; *Yik Hon* v. *Spring Valley Water Works*, 65 Cal. 619.)

None of the evidence being brought up in the record, and there being nothing to show its purport or tendency, it will be presumed that it was such as to justify the instructions, and that they were properly given. The settled rule is, that where the record contains no part of the evidence, the judgment will not be disturbed on account of instructions alleged to be erroneous, unless it appears that such instructions would have been erroneous under every conceivable state of facts. (*People* v. *Dick*, 34 Cal. 66?; *Baldwin* v. *Bornheimer*, 48 Cal. 433; *People* v. *Smith*, 57 Cal. 130; *People* v. *Gilbert*, 60 Cal. 108.)

It is not pretended that the instructions complained of here would be erroneous under every conceivable state of facts, and the judgment should therefore be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.