[No. 15436.    Department Two.—May 28, 1894.]

BENJAMIN A. FROST, Respondent, v. THE GRIZZLY BLUFF CREAMERY COMPANY, Appellant.

Appeal—Review of Instructions—Absence of Evidence.—Upon an appeal on the judgment-roll, where no evidence appears in the record, and the only error assigned relates to the giving and refusal of instructions, the alleged error in the refusal of instructions cannot be considered as a ground for reversal; and the same may be said of instructions given, unless they would have been erroneous under any conceivable state of facts.

Id.—Insufficient Exceptions to Instructions Given.—A general exception to all the instructions given by the court is insufficient, in the absence of a stipulation by counsel waiving all but a general exception, but the exceptions should be sufficiently specific to call the attention of the court to the alleged errors.

Appeal from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*Chamberlin & Wheeler*, and *J. N. Gillett*, for Appellant.

The errors complained of affirmatively appear from the record before this court; and, under any and every conceivable state of facts, it was error to give the instructions excepted to, and to refuse the instructions asked by defendant. (Hayne on New Trial and Appeal, 369; *People* v. *Levison*, 16 Cal. 99; 76 Am. Dec. 505;

*People* v. *Dick,* 34 Cal. 665; *People* v. *Torres,* 38 Cal. 142; *People* v. *Long,* 39 Cal. 694; *People* v. *Padillia,* 42 Cal. 539.) The claim that the alleged errors of the court in giving and refusing instructions cannot be reviewed, because they were not properly excepted to, has no merit, as the exceptions were clearly sufficient. (*Sukeforth* v. *Lord,* 87 Cal. 407; Hayne on New Trial and Appeal, 360.)

*J. H. G. Weaver,* and *Frank McGowan,* for Respondent.

Exceptions to instructions cannot be received if the record does not show what the evidence was, and the record here does not show what the evidence was. (Hayne on New Trial and Appeal, secs. 130, 285; *Carpenter* v. *Ewing,* 76 Cal. 487.) The alleged errors of the court in giving and refusing instructions cannot be reviewed, because they were not properly excepted to. (*Rogers* v. *Mahoney,* 62 Cal. 611; *Gillaspie* v. *Hagans,* 90 Cal. 90; *Dixon* v. *Allen,* 69 Cal. 527; *Wells* v. *Higgins,* 132 N. Y. 459; *Bottoms* v. *Seaboard etc. R. R. Co.,* 109 N. C. 72; *Reeves* v. *Harrington,* 85 Iowa, 741; *Post* v. *Bird,* 28 Fla. 1; *Hinson* v. *Powell,* 109 N. C. 534; *Fleming* v. *Latham,* 48 Kan. 773; *Block* v. *Darling,* 140 U. S. 234; *Myer* v. *Moon,* 45 Kan. 580; *Swift* v. *Mulkey,* 17 Or. 532; *Jensen* v. *Foss,* 24 Or. 158.)

McFARLAND, J.—This is an action to recover damages for a nuisance. The jury returned a verdict in the sum of four hundred dollars, for which amount judgment was rendered for plaintiff. Defendant (a corporation) appeals from the judgment, and brings up the judgment-roll, and a bill of exceptions which merely shows the instructions given and refused, and the exceptions thereto. Nothing else appears. A reversal is asked solely upon alleged errors in giving and refusing instructions.

In such a case a judgment will rarely be reversed. All intendments are in favor of sustaining it. If the averments in the complaint in the case at bar are true, and we must assume them to be true, the nuisance was

a very aggravated one, and the amount of damages allowed was exceedingly small. There was no demurrer to the complaint. Its averments were denied without any point taken as to their legal sufficiency; no objection appears to any evidence offered by respondent. It does not appear what evidence was or was not introduced; and we cannot tell upon what theory the case was tried. Under these circumstances the alleged error of the court below in refusing certain instructions asked by appellant cannot be considered as a ground for reversal. (*Nelson* v. *Lemmon*, 10 Cal. 49; *White* v. *Abernathy*, 3 Cal. 426; *Carpenter* v. *Ewing*, 76 Cal. 487, and cases there cited.) The same may be said of instructions given, unless they "would have been erroneous under any conceivable state of facts." (*Carpenter* v. *Ewing*, 76 Cal. 487.)

Moreover, the main alleged errors relied upon by appellant occur in the instructions given by the court of its own motion; and to these there are no sufficient exceptions. The exceptions are in these words: "We except to the instructions the court gave for the plaintiff, to such as he refused to give for defendant, to such as he modified, and such as the court gave of its own motion." It would not be contended that all of the instructions given by the court of its own motion are erroneous; and the parts thereof considered erroneous should have been specifically pointed out, in the absence of a stipulation by respective counsel waiving all but a general exception. (*Hicks* v. *Coleman*, 25 Cal. 122; 85 Am. Dec. 103; *Sill* v. *Reese*, 47 Cal. 348; *Robinson* v. *Western Pacific R. R. Co.*, 48 Cal. 425; *Rogers* v. *Mahoney*, 62 Cal. 613.) In the latter case the court refers to the other authorities, and thus states the rule: "The whole charge cannot be excepted to generally. The exceptions should be sufficiently specific to call the attention of the court to the alleged error."

The judgment is affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.