#### OF THE

## TERRITORY OF ARIZONA

### DURING THE YEAR 1901.

[Civil No. 710.   Filed January 28, 1901.]

[63 Pac. 713.]

## WILLIAM M. BILLUPS, Plaintiff and Appellant, v. THE UTAH CANAL ENLARGEMENT AND EXTENSION COMPANY, Defendant and Appellee.

1. APPEAL AND ERROR—RECORD—CONTENTS—EVIDENCE — MUST BE INCORPORATED BEFORE ERRORS DEPENDENT THEREON WILL BE REVIEWED.—On appeal the court will not review errors which involve a consideration of the facts disclosed by the evidence, unless the evidence is incorporated in the record.

2. WATER AND WATER-RIGHTS — CANAL COMPANIES — NEGLIGENCE — PLEADINGS—ISSUES—INSTRUCTIONS TO JURY.—Where the complaint alleged that plaintiff's land was flooded and damaged by reason of the negligence of defendant in the operation of its canal, and the answer denied the negligence, but contained no allegation of contributory negligence, a charge to the jury that if plaintiff's horses and cattle tramped down the borders of the canal and caused the break, or if any direct agency of the plaintiff caused the break, he could not recover, is not erroneous, upon the theory that it is an instruction to find for the defendant because of plaintiff's contributory negligence, as under the pleadings, the evidence not being in the record, any evidence tending to show that the break was by the direct acts or agency of plaintiff, and such acts were of such nature or committed under such circumstances as not to import negligence on the part of the defendant, in not being aware of them or anticipating their results, would have been competent and would have fully justified the instruction.

3. SAME—SAME—SAME—DAMAGES—PLEADINGS—ISSUES—SCOPE OF EVIDENCE—INSTRUCTIONS TO JURY.—Where the complaint alleged that plaintiff's land was flooded and damaged by reason of negligence of defendant in the operation of its canal, and the answer denied every material allegation of the complaint, the question of damage

(211)

was in issue, and evidence would have been competent to show that the flooding was a benefit instead of a damage. The evidence not having been incorporated in the record, it must be assumed that evidence was given which rendered proper an instruction that plaintiff could not recover if his lands were benefited instead of damaged by the flood.

4. COSTS—LARGELY DISCRETIONARY WITH THE TRIAL COURT—COURT REPORTER'S PER DIEM—RULES OF COURT—PRESUMPTIONS—REGULARITY OF PROCEEDINGS—PARS. 895, 896, 902, 912, REV. STATS. ARIZ. 1887, CITED.—The statutes, *supra,* leave the determination and disposition of the costs largely in the discretion of the trial court. The rules of the trial court relative to the per diem of the court reporter not being incorporated in the record, and the record showing that the court refused on motion to strike out an item in the cost-bill for the compensation of the court reporter, the presumption in favor of the regularity of procedure must prevail, and it will be assumed that the trial court acted in accordance with its rules.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

A. J. Daggs, for Appellant.

Baker & Bennett, for Appellee.

Instructions will not be reviewed where the court has not the evidence upon which they were based before it. *People v. Baker,* 1 Cal. 405; *White v. Abernathy,* 3 Cal. 426; *Nelson v. Mitchell,* 10 Cal. 93; *Beckman v. McKay,* 14 Cal. 253; *People v. Donohue,* 45 Cal. 322; *People v. Whitney,* 53 Cal. 429; *Hinkle v. San Francisco etc. R. R.,* 55 Cal. 632; *People v. Strong,* 46 Cal. 304; *Harris v. Barnhart,* 97 Cal. 549, 32 Pac. 589; *Ah Twine Gooslin v. Letson,* 58 Kan. 814, 49 Pac. 157; *Territory v. Neligh,* 2 Ariz. 69, 10 Pac. 367.

DOAN, J.—The appellant, as plaintiff, brought an action in the district court of Maricopa County against the appellee, as defendant, to recover damage for the injury caused to plaintiff's (appellant's) land, crops, and stock by the breaking of the canal owned and operated by the appellee, and the consequent flooding of the plaintiff's premises. The complaint alleged that "the defendant, while operating and

carrying water in the said canal, grossly neglected to keep the banks of said canal in proper repair to carry water therein, and did manage said canal and water therein in such a grossly careless and negligent manner that on December 10, 1898, the water carried in said canal by defendant, at a point where said canal crosses plaintiff's land, overflowed, washed down, and destroyed the bank, and flowed out and inundated and overflowed the land of the plaintiff, to his great damage''; and, for a second cause of action, that ''the defendant company, after the said canal had broken its banks and flooded plaintiff's property, on December 10th, failed and refused to place the said banks of said canal in proper repair; and while said banks were in such insufficient and poor repair, and while the defendant well knew the bank or break in said ditch was improperly and poorly and imperfectly constructed, and insufficient to hold the water usually carried therein, the defendant, on December 18, 1898, turned water in said ditch in such a grossly careless and negligent manner that the gap where the bank of said canal had previously broken on plaintiff's land again gave way and broke, and the lands of plaintiff were again overflowed, inundated, and damaged.'' The defendant demurred to the complaint, and entered a general denial of each and every allegation in said complaint, and each cause of action therein contained. The case was tried to a jury, and the jury, after having been instructed by the court, brought in a verdict in favor of the defendant; whereupon the court rendered judgment against the plaintiff for costs, including in said costs an item of fifty dollars for stenographer's fees. The motion to retax costs by deducting from the defendant's cost-bill the said item of fifty dollars was denied. From the judgment in the case and the order denying the motion for a new trial the plaintiff appeals, and assigns as error—First, the refusal of the court to give six several instructions requested by plaintiff; second, the giving of two instructions for the defendant which were excepted to by plaintiff; and third, the allowance in the judgment of the item of fifty dollars paid by defendant to the court reporter for his per diem for taking notes of the testimony in the trial, and the refusal of the court to strike the same from the defendant's cost-bill on motion.

The appellant has not incorporated in the record any of the

evidence in the case, but has simply said that the plaintiff submitted evidence, both oral and written, to sustain the issues on his part, and the defendant submitted evidence, both oral and written, to sustain the issues on its part. The record shows that eleven witnesses testified on one side and sixteen on the other, and that the examination of the witnesses occupied four days.

On the question presented in the first assignment, the courts have held, without exception, in considering the refusal, of a trial court to give instructions requested by an appellant, that, unless the testimony upon which the instructions are predicated is before the appellate court, it is impossible to say whether or not the lower court erred in the refusal, and the court will therefore not review errors claimed to have been committed which involve a consideration of the facts as they may have been disclosed by the evidence. *Ah Twine Gooslin* v. *Letson,* 58 Kan. 814, 49 Pac. 157; *Harris* v. *Barnhart,* 97 Cal. 546, 32 Pac. 589. The well-settled rule of the courts in this respect is very happily stated in *Frost* v. *Creamery Co.,* 102 Cal. 525, 36 Pac. 929. The court in that case said: "Defendant appeals from the judgment, and brings up the judgment-roll and a bill of exceptions; which merely show the instructions given and refused, and the exceptions thereto. Nothing else appears. A reversal is asked solely upon alleged errors in giving and refusing instructions. In such a case a judgment will rarely be reversed. All intendments are in favor of sustaining it. It does not appear what evidence was or was not introduced, and we cannot tell upon what theory the case was tried. Under these circumstances, the alleged error of the court below, in refusing certain instructions asked by appellant, cannot be considered as a ground for reversal. *Nelson* v. *Lemmon,* 10 Cal. 49; *White* v. *Abernathy,* 3 Cal. 426; *Carpenter* v. *Ewing,* 76 Cal. 487, 18 Pac. 432, and cases there cited. The same may be said of instructions given, unless they 'would have been erroneous under any conceivable state of facts.' *Carpenter* v. *Ewing, supra.*"

It is next claimed that two instructions given were erroneous. Appellant says: "The court erred in giving instruction No. 6 for defendant, for the reason that this instruction tells the jury that, if they believe from the evidence that the plaintiff was guilty of contributory negligence, they must find

for the defendant, when there was no issue of contributory, negligence made by the pleading, and contributory negligence, having not been pleaded by defendant, could not be proved under a general denial, and this instruction is not responsive to the issues or pleadings.'' The instruction, as given, reads: ''If the jury believe from the evidence that the horses and cattle under control of the plaintiff, and being pastured upon his premises, went upon the defendant's ditch, and tramped down the borders, and caused the break whereby plaintiff's premises were flooded and damaged, or if you believe from the evidence that the break was caused by the direct agency of the plaintiff in any way, whereby his premises were flooded and damaged, he cannot recover in this case, and you should find for the defendant.''[1] Contributory negligence is not mentioned in the instruction, nor is it necessarily contemplated. Contributory negligence, when pleaded and proven, generally presupposes negligence on the part of the defendant, and is presented in the way of confession and avoidance; but in this case the negligence charged in the complaint is denied in the answer, and there is no averment on the part of the defendant that the plaintiff was guilty of contributory negligence.

The complaint alleged that the plaintiff was damaged ''by reason of the grossly careless and negligent manner of the management of the said ditch, and the grossly careless and negligent manner of carrying water therein.'' The answer denied each and every allegation in the complaint. Under that answer, any fact, or state of facts, that tended to disprove negligence on the part of the defendant, could be put in evidence. Any evidence tending to show that the break was caused by the direct act or agency of the plaintiff, in taking out water for irrigation or for other purposes, or that after the first break was mended the plaintiff turned into the pasture where it had occurred a large band of cattle or horses, that tramped down the fresh earth where the bank was repaired, and that these or other possible acts were not known by the company, and were of such nature, or committed under such circumstances, as not to import negligence on the part of the defendant in not being aware of them or anticipating their results, would have been competent under the pleadings, and would have fully justified the instruction.

The next assignment alleges that "the court erred in giving instruction No. 7 for defendant, over objection of plaintiff, . . . because it is not responsive to the pleadings or the issues in the case." The instruction reads: "If the jury believe from the evidence that the flooding of the plaintiff's land by reason of the break in defendant's canal was a benefit to said land or to the plaintiff, and that such benefit was equal to or greater than the damage, if any, thereby sustained by plaintiff, your verdict should be for the defendant." The denial in the answer put in issue not only the alleged negligence of the defendant in causing the damage (if any) alleged in the complaint, but also put in issue the fact of the damages having been sustained. The instruction as given was most certainly responsive to the issue. If there was any evidence that the lands and crops were benefited by the irrigation, rather than, or more than, damaged, that evidence would render the instruction perfectly proper, and, as it can be readily conceived that such evidence may have been offered, the instruction in question comes under the rule above cited.

It is next urged by the appellant that the court erred in allowing the judgment for the item of fifty dollars paid by defendant to the court reporter, and refusing, on motion, to retax the cost-bill by striking the said item therefrom. Our statutes provide (Rev. Stats. par. 895): "The successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law." Paragraph 896: "On all motions the court may give or refuse costs at its discretion, except where it is otherwise provided by law." Paragraph 902: "The court may for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding sections of this act." Paragraph 912: "The party in whose favor judgment is rendered, and who claims his costs, shall deliver to the clerk of the court a memorandum of the items of the costs to which he is entitled. He may include in the costs all the necessary disbursements in the action or proceeding, including the fees of officers allowed. . . . " From these provisions it will appear that the determination and disposition of the costs in any given case are largely in the discretion of the trial court.

Counsel for the appellee contend on this subject that "the

charge is for the regular per diem allowed by the rules of the court." The rules of the trial court relative to the per diem of the court reporter, from which we could determine this fact, have not been brought up; but the record discloses that the court's attention was directed to this item in the cost bill, and that the court denied a motion to have the item stricken out. Upon the presumption that exists in favor of the regularity of the procedure of courts of general jurisdiction, we must, in the absence of any showing to the contrary, presume that in the allowance of the item aforesaid, and denying the motion to retax and strike out the same, the court was acting in accordance with its rules, and therefore its action will not be disturbed by this court. No other errors having been assigned, and none appearing in the record, the judgment of the district court is affirmed.

Davis, J., and Sloan, J., concur.