[L. A. No. 4786. Department Two.—February 6, 1919.]

## RALPH L. BRYANT, Appellant, v. J. R. GRAY, Respondent.

APPEAL — RECORD—ABSENCE OF EVIDENCE — INSTRUCTIONS—PRESUMPTION.—On appeal every legitimate presumption is in favor of the judgment of the lower court, and the correctness and applicability of instructions given or refused cannot be reviewed if the record on appeal does not show what the evidence was.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Ellis Lady, Parke Godwin, and A. D. Orme, for Appellant.

Shepard & Alm and W. J. Ford, for Respondent.

LENNON, J.—This was an action for damages for personal injuries resulting from a collision on a public highway in Los Angeles County between a motorcycle driven by plaintiff and an automobile driven by defendant. Although none of the evidence offered and received upon the trial of

the case is incorporated in the bill of exceptions upon which the appeal is presented, plaintiff's counsel, as he asserts in his opening brief, "seeks a reversal upon matters of law alone, in this, that the trial court committed error in the giving and refusing to give requested instructions. . . . " In addition to setting out the instructions given and those requested and refused, the bill of exceptions declares that "evidence was offered and admitted on the trial justifying the giving of every instruction that was given and the refusal of every instruction that was refused. There was sufficient evidence to sustain all the answers to the special interrogatories and general verdict." As thus made up the bill of exceptions was settled and allowed by the trial judge, and as settled and allowed it was stipulated by counsel for the respective parties to be correct.

It has been the rule in this jurisdiction, first enunciated in *People* v. *McCauley,* 1 Cal. 379, and continuing on down through a long line of decisions, that the correctness and applicability of instructions cannot be reviewed by this court if the record on appeal does not show what the evidence was. (*Frost* v. *Grizzly Bluff Creamery Co.,* 102 Cal. 525, [36 Pac. 929].) The only relaxation of the rule is found in a case where an instruction given was held to be erroneous in any conceivable state of the evidence. (*People* v. *Levison,* 16 Cal. 98, [76 Am. Dec. 505] ; *Carpenter* v. *Ewing,* 76 Cal. 487, [18 Pac. 432].) Every legitimate presumption is in favor of the judgment of the court below, and not having before us the evidence adduced at the trial from which alone can be ascertained the applicability of an alleged erroneous instruction, its correctness or incorrectness cannot be determined. (1 Blashfield's Instructions to Juries, p. 974.) It is equally well settled that in the absence of a record containing the evidence this court cannot determine whether or not the evidence had any relation to an instruction which the court refused to give and which refusal is assigned as error (Hayne on New Trial and Appeal, sec. 130), and all this is so, and would have been so, regardless of whether or not the bill of exceptions had declared that the giving and refusal of instructions was justified by the evidence. (*Carpenter* v. *Ewing, supra.*)

The judgment is affirmed.

Melvin, J., and Wilbur, J., concurred.