[Civil No. 1710.   Filed November 13, 1919.]

[184 Pac. 978.]

CHARLES W. ROSS, Appellant, v. KAY COPPER COM-
PANY, a Corporation, and S. J. TRIBOLET, Appellees.

1. APPEAL AND ERROR — ERRONEOUS INSTRUCTION NOT REVERSIBLE
   ERROR WHERE EVIDENCE NOT BROUGHT UP.—Assuming that an in-
   struction is an incorrect statement of law and not overlooking the
   presumption of prejudice which generally follows an erroneous
   ruling of the trial court, it cannot be said, in the absence of the
   evidence from the record, that the instruction prejudicially affected
   the result, so that the instruction cannot be reviewed upon appeal
   unless prejudicial in any conceivable state of the evidence.

2. APPEAL AND ERROR — INSTRUCTION NOT WARRANTED BY PLEADINGS
   HARMLESS ERROR.—An instruction that the jury could not allow
   anything by way of attorneys' fees in a personal injury action was
   erroneous and wholly uncalled for, where the pleadings made no
   reference to attorneys' fees and the plaintiff claimed none, but could
   not have been prejudicial to plaintiff, appellant, and would not
   warrant reversal.

APPEAL from a judgment of the Superior Court of the
County of Yavapai.  John J. Sweeney, Judge.  Affirmed.

Mr. J. J. Cox, Mr. A. Y. Moore and Mr. R. B. Westervelt,
for Appellant.

Mr. George J. Stoneman, Mr. James L. Coleman, Mr. John
A. Ellis and Mr. Le Roy Anderson, for Appellees.

BAKER, J.—This action is based upon the employers'
liability law (Rev. Stats. 1913, pars. 3153–3162), and was
commenced by the plaintiff to recover damages for personal
injuries which plaintiff alleged he sustained while in the ser-
vice of the defendants and engaged in the operation of an
internal combustion engine which was being used to run or
operate certain machinery.  It is stated in the complaint that
while plaintiff was turning the flywheel on said engine for
the purpose of causing an explosion in the cylinders, thereby
starting the engine, a premature explosion occurred in the
cylinders of the engine, causing the flywheel to revolve back-
ward, and striking the plaintiff, throwing him a distance of

several feet, whereby he was painfully and permanently injured. The defendant answered, denying that the plaintiff was injured while operating the internal combustion engine, and alleged that the injuries were caused by the plaintiff falling over a cliff of rocks while he was engaged in robbing the nest of a swarm of bees which had settled in the rocks at a distance from the internal combustion engine.

Upon these issues trial was had before a jury, resulting in a verdict and judgment in favor of the defendants.

The plaintiff moved for a new trial, which was overruled, and thereafter this appeal was taken from the judgment and order overruling the motion.

Plaintiff, in his first assignment of error, complains of the following instruction given by the court to the jury and asks that we review the same:

"You are further instructed that, as a matter of law in this action, the plaintiff can only recover where the injury was occasioned by an accident which was unavoidable, and arose from the inherent nature of the business in which plaintiff was engaged, and due solely to a condition or conditions of his employment in which he was then engaged. If you fail to find that the accident and injury was occasioned by any cause other than above, then, I charge you, you must find in favor of the defendants."

But the plaintiff has failed to bring here, by bill of exceptions or statement of facts, any of the evidence introduced upon the trial. Assuming that the instruction is an incorrect statement of the law, yet we cannot say, in the absence of the evidence, that it prejudicially affected the result. It might be that the uncontradicted evidence established that the plaintiff sustained his injuries whilst he was away from his work of operating the internal combustion engine and engaged in robbing a bees' nest, and, if so, he clearly could not recover under the employers' liability law. In such a state of the evidence, the instruction, although it might be erroneous, could not prejudicially affect the result, and was therefore a harmless error. In 4 C. J. 545, it is said:

" . . . Even where the instruction is erroneous as an abstract statement of law, it cannot be determined, without the evidence, whether or not it is prejudicial, . . . " citing *Ely* v. *Holloway,* 95 Kan. 8, 147 Pac. 1128; *Giles* v. *Ternes,* 93 Kan. 140, 143 Pac. 491; *Morgan* v. *Bankers' Trust Co.,* 63 Wash. 476, 115 Pac. 1047.

The only exception to the rule that an erroneous instruction will not be reviewed in the absence of the evidence is found in a case where an instruction given is erroneous and prejudicial in any conceivable state of the evidence. *People v. Levison,* 16 Cal. 98, 76 Am. Dec. 505; *Carpenter* v. *Ewing,* 76 Cal. 487, 18 Pac. 432; *Trinity & Brazos Valley Co.* v. *Lunsford* (Tex. Civ. App.), 160 S. W. 677. We have not overlooked the presumption of prejudice which generally follows an erroneous ruling of the trial court. This, however, is only a presumption, resting alone on the ruling itself, and may be overcome by something else occurring in the case. As we have said, the uncontradicted evidence might have tended to prove that the plaintiff was not injured while operating the internal combustion engine, but was injured at a distance therefrom, and whilst engaged in robbing the bees' nest. If such was the state of the evidence, the defendants would have been entitled to a verdict and judgment in their favor, as a matter of law, and the court upon that ground would have been compelled to sustain a motion made by the defendants for judgment in their favor notwithstanding the verdict had the verdict been against them; hence the final disposition of the case may have been correct, however erroneous the instruction might be, which is here sought to be reviewed.

The plaintiff, in his second assignment of error, complains of the following instruction, given by the court to the jury: "I instruct you that you cannot allow anything by way of attorney's fees." There is nothing in the pleadings in reference to attorney's fees. The plaintiff claimed none. In this state of the case, the instruction was wholly uncalled for, but it does not follow that it was prejudicial. In fact, it could not be, since the plaintiff made no claim whatever to attorney's fees. The rule is a general one, and often repeated, that, in order to warrant a reversal, the error complained of must have been prejudicial to the appellant. 2 R. C. L., p. 230.

It necessarily must be said, from such a record as we have before us, that this court would not be justified in determining that there had been a miscarriage of justice.

The judgment of the lower court is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.