[Civil No. 1711.   Filed November 13, 1919.]

[184 Pac. 980.]

## JOHN HARRINGTON, Appellant, v. UNITED VERDE COPPER COMPANY, a Corporation, Appellee.

APPEAL AND ERROR—INSTRUCTIONS NOT REVIEWABLE IN THE ABSENCE OF EVIDENCE.—Where appellant has failed to bring to the supreme court any of the evidence adduced at the trial, instructions complained of as erroneous and prejudicial cannot be reviewed, where the court can conceive of a state of the evidence in which they would not have been prejudicial even though erroneous.

APPEAL from a judgment of the Superior Court of the County of Yavapai.   John J. Sweeney, Judge.   Affirmed.

Messrs. Cox & Moore and Mr. R. B. Westervelt, for Appellant.

Messrs. Anderson & Ellis, for Appellee.

BAKER, J.—Action by the appellant to recover damages for personal injuries alleged to have been suffered by the appellant while engaged in the service of appellee in the hazardous business of mining.   Appellee answered the complaint and alleged that the injuries received were due wholly and entirely to appellant's own fault.   The verdict and judgment was for the appellee.   The only assignment of error made is based upon certain instructions given by the court to the jury, which are claimed to have been erroneous and harmful; but the appellant has failed to bring here any of the evidence adduced at the trial, and we are unable to determine whether the instructions complained of were erroneous and prejudicial.   We can conceive of a state of the evidence in which they would not have been prejudicial, although they might be erroneous.   There being nothing before us for review, except the pleadings and the verdict and judgment, and no fundamental error appearing in these papers, we must conclude in favor of the regularity and validity of the judgment.   We must not be understood, however, as commending the instructions attacked.

The case is ruled by the decision this day handed down by this court, in the case of *Ross* v. *Kay Copper Co. et al., ante,* p. 576, 184 Pac. 978.

The judgment of the lower court is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.