**266 P.2d 738**

### DEISLER v. STEVENS.

### No. 5807.

Supreme Court of Arizona.

Feb. 16, 1954.

Rehearing Denied March 16, 1954.

Paul F. Newell and Nolen L. McLean, Tucson, for appellant.

Norman Herring, Tucson, for appellee.

UDALL, Justice.

This is an appeal from a judgment of the Superior Court of Pima County, awarding $100 actual damages and $1,000 punitive damages to plaintiff-appellee Stevens against defendants Bragg and Deisler. The latter is the sole appellant.

In July 1952 plaintiff Stevens filed his complaint against Deisler and Larry Bragg, seeking damages for unlawful imprisonment and a battery committed upon him. The answer of defendant Deisler was a general denial of all of the allegations of the complaint.

Trial was had before the court sitting with a jury. No transcript of testimony was filed in this court nor have any exhibits been transmitted. All we have are the pleadings, minutes, and a transcript of the instructions given and the objections made thereto by defendant Deisler before the submission of the case to the jury. In this appeal the twelve mistakes assigned are all asserted errors in the giving of—or refusing to give—certain instructions to the jury.

This court is firmly committed to the rule that where no transcript of the evidence is sent up on appeal alleged errors in instructions cannot upset the result below unless the instruction is shown to be

an incorrect abstract statement of the law prejudicial to the defendant under every conceivable state of the evidence. Territory v. Clanton, 3 Ariz. 1, 20 P. 94; Billups v. Utah Canal Enlargement & Extension Co., 7 Ariz. 211, 63 P. 713; Ross v. Kay Copper Co., 20 Ariz. 576, 184 P. 978; Harrington v. United Verde Copper Co., 20 Ariz. 579, 184 P. 980; Granow v. Adler, 24 Ariz. 53, 206 P. 590; Miller v. Maddux, 37 Ariz. 485, 295 P. 326. Cf. Arizona Land & Stock Co. v. Markus, 37 Ariz. 530, 296 P. 251. In the Billups case [7 Ariz. 211, 63 P. 714] we quoted from Frost v. Grizzly Bluff Creamery Co., 102 Cal. 525, 36 P. 929, saying:

"* * *. A reversal is asked solely upon alleged errors in giving and refusing instructions. In such a case a judgment will rarely be reversed. All intendments are in favor of sustaining it. It does not appear what evidence was or was not introduced, and we cannot tell upon what theory the case was tried. Under these circumstances, the alleged error of the court below, in refusing certain instructions asked by appellant, cannot be considered as a ground for reversal. * * * The same may be said of instructions

given, unless they 'would have been erroneous under any conceivable state of facts.' * * *"

■ Applying the foregoing principles to the record in this case, we find no incorrect abstract statement of the law prejudicial to the defendant under every conceivable state of the evidence. Plaintiff's instruction No. 1 defined a battery and told the jury it might form the basis for an award of damages. The gist of defendant's objections thereto was that the instruction did not set forth Deisler's theories of affirmative defense. Plaintiff had no responsibility to frame instructions on all conceivable affirmative defenses and incorporate the same into his instructions. Pearson & Dickerson Contractors, Inc. v. Harrington, 60 Ariz. 354, 137 P.2d 381; Tenney v. Enkeball, 62 Ariz. 416, 158 P.2d 519. No error is assigned to the instruction on measure of damages.

Considering the assignments in the light of the settled law of this state, as herein set forth, we perceive no error.

Judgment affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and WINDES, JJ., concur.