504 P.2d 1304

Lucille VAN CAMPEN, Appellant,

v.

The UPJOHN COMPANY, a corporation,
and Robert Oliver, Appellees.

No. 2 CA–CIV 1186.

Court of Appeals of Arizona,
Division 2.

Jan. 10, 1973.
Rehearing Denied Feb. 6, 1973.
Review Denied March 13, 1973.

Paul G. Rees, Jr., Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by
·D. Burr Udall, Tucson, for appellee Robert
Oliver.

Black, Robertshaw & Frederick, P. C., by Steven D. Copple, Phoenix, for appellee Upjohn Co.

HATHAWAY, Chief Judge.

This is an appeal from two separate orders of the superior court; one dismissing plaintiff's (Lucille Van Campen) medical malpractice complaint against Dr. Robert Oliver on the theory that the suit was barred by the statute of limitations; the other dismissing the complaint against Upjohn, a pharmaceutical company, on the grounds that the action had abated under Rule 6(f) for failure to serve the complaint within one year from filing.

## DISMISSAL OF UPJOHN

The original unserved complaint was filed on May 20, 1970, against Upjohn Company and several John Doe defendants; Dr. Oliver was designated by a fictitious name in the original complaint. The complaint alleged that "during May 1968 Miss Van Campen first noticed reactions from following defendants' directions to use a particular drug and as a direct result of defendants' negligence caused plaintiff to suffer a malignancy requiring surgical intervention and hospitalization."

██ Subsequently on May 27, 1970, an amended complaint naming Dr. Oliver as a defendant was drafted. Whether this amended complaint was presented to the clerk for filing was controverted and the trial court found that it had not. Plaintiff contends that this finding of the trial court was erroneous because there was evidence which indirectly established that the amended complaint had been presented to the clerk. At the hearing below, plaintiff supplied an affidavit of the messenger who had purportedly presented the complaint to the clerk. The affidavit recited that in the usual course of business, the complaint and summons are presented to the clerk together, and since the clerk's record showed that the summons had been filed it followed that the complaint had also been presented. The messenger had no recollection of whether the complaint had been filed on the specific occasion in question. The trial court apparently concluded that if both summons and complaint had been presented by plaintiff, the clerk would have had a record of both. Such conclusion is justified since the clerk's records import verity. Wright v. Leyda, 67 Ariz. 241, 194 P.2d 441 (1948). There being evidentiary support for the trial court's finding, we do not disturb it. Lenslite Co. v. Zocher, 95 Ariz. 208, 388 P.2d 421 (1964); Sato v. First Nat'l Bank, 12 Ariz.App. 263, 469 P.2d 829 (1970).

Having discovered that the first amended complaint was not on record in the clerk's office, the plaintiff filed a second amended complaint and served it on May 24, 1971, naming Upjohn and also Dr. Robert Oliver.

█ Upjohn then filed a motion for dismissal of the action on the grounds that it had abated under Rule 6(f), Ariz. Rules of Civil Procedure, 16 A.R.S. The plaintiff contends that the lower court abused its discretion in granting the motion to dismiss since Rule 6(f) is not self-executing and only four days had transpired beyond the one year base period of Rule 6(f). We agree that Rule 6(f) is not self-executing. As we stated in Taylor v. Superior Court, 13 Ariz.App. 52, 474 P.2d 59 (1970), Judge Haire speaking for the court:

". . . insofar as concerns the question of the exercise of reasonable diligence in the issue and service of summons, Rule 6(f) furnishes a fixed minimum standard. Prior to the expiration of the one year period provided by that Rule, there can be no dismissal based upon a failure to have summons issued and served. After the expiration of that period, it becomes a question of fact as to whether or not plaintiff has exercised reasonable diligence in prosecuting the action. . . ." 474 P.2d at 61, 62.

■■ After expiration of the one year period the trial court has discretion to grant or deny the motion, however before a motion can be denied plaintiff must show good cause for failure to serve within the required period. Grobe v. McBryde, 105 Ariz. 577, 468 P.2d 936 (1970); Taylor v. Superior Court, supra. We have reviewed the record and it is devoid of any showing of good cause for failure to serve the defendants within the one year period of Rule 6(f), Arizona Rules of Civil Procedure.

## DISMISSAL OF OLIVER

Plaintiff next contends that the trial court erred in dismissing the complaint against Oliver on the grounds that the applicable statute of limitations (A.R.S. § 12–542) had expired. The original unserved complaint, May 20, 1970, did not name Dr. Oliver but designated him by a fictitious name. Rule 10(f), Arizona Rules of Civil Procedure, provides:

> *"Designation of defendant.* When the name of the defendant is unknown to the plaintiff, the defendant may be designated in the pleadings or proceeding by any name. When his true name is discovered the pleading or proceeding may be amended accordingly."

Our Supreme Court has interpreted Rule 10(f) as follows:

> " . . . this applies only when plaintiff is ignorant of the true name of the defendant, but that when he has knowledge of such name he may not designate him by a fictitious one, but must use the true name in order to obtain jurisdiction of his person." Ariz. Land & Stock Co. v. Markus, 37 Ariz. 530, 537, 296 P. 251, 253 (1931).

Plaintiff admits that she knew Dr. Oliver's name at the time the original complaint was filed; however, her explanation for not naming him was "to prevent any possible undue publicity which might reflect upon Dr. Oliver's excellent reputation," during the course of a medical malpractice hearing being conducted by the Pima County Medical Legal Screening Committee. In Grobe v. McBryde, supra, the plaintiffs filed a complaint against fictitious named defendants although they knew their true names. The reasons given by plaintiffs in that case was that they required additional time to find sufficient evidence of Dr. Grobe's liability. The court responded to such reason as follows:

> "Under Rule 10(f) defendants may be designated by fictitious names only so long as the plaintiff does not know the true names. See Arizona Land and Stock Co. v. Markus, 37 Ariz. 530, 296 P. 251 (1931). Here the plaintiffs knew the identity of Dr. Grobe, but apparently were only uncertain of the strength of their case against him. It is not difficult to imagine the potential for abuse inherent in permitting the use of fictitious names in a complaint to toll the statute of limitations indefinitely while the plaintiff perfects his case."

■ The May 1970 original complaint did not name Dr. Oliver as a defendant although his name and identity were known. The trial court properly concluded that the original complaint did not toll the running of the statute of limitations as to Dr. Oliver. Since the second amended complaint (filed May 1971) was the first complaint to name Dr. Oliver as a defendant and the cause of action accrued in 1968, we agree that A.R.S. § 12–542 bars the action against Dr. Oliver.

Affirmed.

KRUCKER and HOWARD, JJ., concur.