522 P.2d 778

**Harold S. McCARTY and Maxine McCarty, his wife, Appellants,**

v.

**F. C. KINGSTON COMPANY, a corporation, Appellee.**

**No. 1 CA–CIV 2042.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 30, 1974.

Review Denied Sept. 19, 1974.

Meadow, Cheche, Nastro & Thrasher by Daniel E. Nastro, Phoenix, for appellants.

Shimmel, Hill & Bishop, P.C. by Charles A. Finch, Phoenix, for appellee.

## OPINION

OGG, Judge.

The sole issue presented is whether the trial judge committed reversible error in instructing the jury in this negligence case.

The Appellants Harold S. McCarty and Maxine McCarty, hereinafter referred to as Plaintiff, brought this action against the Appellee F. C. Kingston Company, hereinafter referred to as Defendant, for damages sustained by the Plaintiff Harold S. McCarty when he fell over an automobile hoist that was part of his service station equipment. It was Plaintiff's contention that the air control valve manufactured by the Defendant was defective and that the hoist raised itself from ground level without anyone operating the manual control valve. Plaintiff testified that the problem of the hoist raising without manual operation of the control valve had existed intermittently for two years. Plaintiff called an expert witness who testified that there was a defect in the design and/or manufacture of the Defendant's air control hoist valve which caused the hoist to raise without warning.

The Defendant presented testimony by an expert witness that there was no defect in the design or manufacture of the valve. Defendant further presented testimony that the hoist extended approximately six inches above the level of the floor when it was in the normal down position and Plaintiff testified it was six to eight inches above the floor when he tripped over it as he was walking across the hoist to answer the telephone.

The jury returned a unanimous verdict in favor of the Defendant. The trial court denied Plaintiff's motion for a new trial and this appeal followed.

It is Plaintiff's position that the trial judge committed reversible error when he gave Defendant's Instruction Number One:

"You are instructed that if, under the facts of this case, you find that the conduct of the plaintiff, Harold S. McCarty, was such that he failed to exercise reasonable care for his own safety, and that such failure was the sole proximate cause of the accident, then, under such circumstances, the plaintiffs cannot recover."

■ The Plaintiff claims this instruction misled the jury and that such an instruction is immaterial since Plaintiff's negligent conduct is not a defense to an action based on strict liability in tort. We agree that under Arizona law contributory negligence is not a defense in cases involving strict products liability unless plaintiff's conduct amounts to what is generally referred to as assumption of risk and/or unforeseeable misuse. In the case of O. S. Stapley Co. v. Miller, 103 Ariz. 556, 447 P.2d 248 (1968), our Supreme Court, in adopting § 402, subsec. A, Restatement of Torts 2d, said:

"We hold that contributory negligence, as defined above, is not a defense under the products liability doctrine and we emphasize that no duty rests upon the ultimate consumer or user to search for or guard against the possibility of product defects."

■ Defendant claims the instruction did not mislead the jury and that under the facts of this case it was entitled to such a proximate cause instruction. It is Defendant's contention that if the jury found the valve was not defective, the Plaintiff cannot recover since his conduct was the sole proximate cause of the accident. We agree that in such a case the Plaintiff must not only show a defect in Defendant's valve but must also show that such a defect was a proximate cause of Plaintiff's injuries. The doctrine of proximate cause is still a factor to be considered in a strict tort liability case. If there was no defect in the valve and Plaintiff's acts were the *sole* proximate cause of his injuries, there could be no liability on the defendant. Essex Wire Corp. v. Salt River Project Agricultural Improv. & Power Dist., 9 Ariz. App. 295, 451 P.2d 653 (1969); § 402A, Restatement of Torts 2d; American Law

of Products Liability, 1961–1973 Cumulative Supplements, § 5:11 Causation.

We must note that presentation of this case without a complete transcript makes it difficult for a complete review. In Deisler v. Stevens, 77 Ariz. 16, 266 P.2d 738 (1954), a damage case tried to a jury for unlawful imprisonment and battery in which all the court had before it on review were the pleadings, minutes and transcript of instructions given and the objections thereto, the Arizona Supreme Court stated:

"This court is firmly committed to the rule that where no transcript of the evidence is sent up on appeal alleged errors in instructions cannot upset the result below unless the instruction is shown to be an incorrect abstract statement of the law prejudicial to the defendant under every conceivable state of the evidence. (numerous Arizona cases cited). In the *Billups* case [Billups v. Utah Canal Enlargement & Extension Co., 7 Ariz. 211, 63 P. 713, 714] we quoted from Frost v. Grizzly Bluff Creamery Co., 102 Cal. 525, 36 P. 929, saying:

'* * *. A reversal is asked solely upon alleged errors in giving and refusing instructions. In such a case a judgment will rarely be reversed. All intendments are in favor of sustaining it. It does not appear what evidence was or was not introduced, and we cannot tell upon what theory the case was tried. Under these circumstances, the alleged error of the court below, in refusing certain instructions asked by appellant cannot be considered as a grounds for reversal * * * The same may be said for instructions given, unless they "would have been erroneous under any conceivable state of facts." * * *'"

In the case of Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30 (1939), the Arizona Supreme Court stated:

". . . In determining whether an instruction is justified, we must consider the evidence in the strongest possible manner in support of the theory of the party asking the instruction."

See Worthington v. Funk, 7 Ariz.App. 595, 442 P.2d 153 (1968).

It should be noted that the trial court gave proper instructions on Plaintiff's strict tort liability theory of the case along with complete instructions on all other phases of the case. There is no objection to these instructions.

■ Although we do not hold out Defendant's Instruction Number One as a model instruction, we do not believe the jury was misled when it is considered along with all the other instructions. On the record before us and with the presumptions in favor of sustaining the jury verdict in this case, the judgment of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.