The motion of the respondent to dismiss should be sustained.

**JONES, Plaintiff-Appellant, v. KLINE, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2351.   Decided November 22, 1955.

Mason Douglass, John F. Edwards, Dayton, for plaintiff-appellant.

Harshman, Young, Colvin & Alexander, Dayton, By Robert C. Alexander, of Counsel, for defendant-appellee.

COLLIER, J, of the Fourth District, sitting by designation in the Second District.)

**OPINION**

By HORNBECK, J.:

This is an appeal on questions of law from a judgment entered on a verdict of a jury for defendant in an action for damages for personal injuries suffered by plaintiff by reason of being struck by bricks from a falling wall.

Seven errors are assigned. Admission of evidence in behalf of defendant; giving of special charge before argument requested by defendant; error in the general charge; in the overruling of the motion for new trial; that the verdict was contrary to and against the manifest weight of the evidence and contrary to law; and other errors in the general charge relating to proximate cause.

Without reciting the facts at length, we conclude that the evidence admitted in behalf of the defendant, over the objections of plaintiff, was properly received. The question propounded as to the instructions of defendant's driver respecting the handling of the truck and the chute in connection therewith was relevant and competent and therefore admissible. **Cincinnati Street Railway Co. v. Altemeier, Admr., 60 Oh St 10.** There was no motion made to strike any part of the answer.

The special charge to which objection is directed relates to the obligation of plaintiff to exercise ordinary care in the situation with which he was confronted at and about the time that he was injured. It could have application only to his contributory negligence, as to which the court also instructed the jury in its general charge.

Upon the testimony of plaintiff supported by two witnesses there was no suggestion of his negligence; indeed he was not near the truck and did not see the chute strike the wall causing the bricks to fall upon him. But, in the case made by the defendant, plaintiff was shown to be cognizant of the position and movement of the truck and the chute in relation to the unsupported wall and had impliedly indicated a purpose to raise the chute so that it would not strike the wall. This development, in our opinion, supports the action of the trial judge in giving the instructions.

If it be assumed that the court should not have charged on contributory negligence, there was an issue as to the negligence of defendant upon the testimony developed by the defendant. The jury might properly have determined that defendant's driver exercised ordinary care under all the facts appearing. Likewise, it clearly could have found the defendant was negligent, proximately causing plaintiff's injuries. Thus, there was a clear issue on the negligence of the defendant which was properly submitted to the jury. The jury returned a general verdict without interrogatories and nothing developing to establish upon which issue it found for the defendant, the two issue rule becomes applicable. The general verdict imports a finding for the defendant on both issues. **Sites v. Haverstick, 23 Oh St 626.**

Upon the assignment that the verdict and judgment are not supported by the evidence and are contrary to law we may not, because of the contrariety of testimony on the disputed and determinative issues, hold with the claim of appellant.

We find no assignment of error well made. The judgment will be affirmed.

MILLER, PJ, COLLIER, J, concur.