Robert A. KEET, Plaintiff-Appellant.

v.

SERVICE MACHINE COMPANY, INC.,
Defendant-Appellee.

No. 72–1436.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 27, 1972.

Decided Dec. 28, 1972.

---

Richard C. Curry, Cincinnati, Ohio, for plaintiff-appellant; Finkelmeier & Finkelmeier, by Philip R. Finkelmeier, Cincinnati, Ohio, on brief.

Robert G. McIntosh, McIntosh, McIntosh & Knabe, Cincinnati, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and HASTIE,* Senior Circuit Judge.

WEICK, Circuit Judge.

In this products liability case the plaintiff, a punch press operator, employed by the Cincinnati Time Recorder Company, was engaged in operating a press which had been manufactured by the defendant and sold to plaintiff's employer. After the press had stopped, plaintiff reached into the machine to remove a part which had been stamped by the machine. The machine then commenced to operate and plaintiff's right hand was severed.

Plaintiff sued the defendant in the District Court, alleging that his injuries were caused by reason of negligence of the defendant in manufacturing a defective machine. Jurisdiction was based on diversity of citizenship.

The case was tried before a jury. At the close of plaintiff's evidence and at the close of all the evidence the defendant moved for a directed verdict on the ground that the uncontroverted evidence disclosed no defect in the machine at the time it was delivered to plaintiff's employer. The evidence disclosed further that plaintiff's employer had made repairs on the machine prior to the accident. The District Court reserved ruling on the motions for a directed verdict.

The District Court submitted the case to the jury, instructing the jury on issues of negligence, contributory negligence and assumption of risk. The jury returned a general verdict in favor of the defendant. Judgment was entered on the verdict in favor of defendant.

Plaintiff then filed a motion for a new trial, in which the only errors he asserted were that the Court erred in submitting to the jury the issues of contributory negligence and assumption of risk, because such issues were not supported by any evidence.

The District Court then granted defendant's motion for a directed verdict, ruling on which it had reserved, and overruled plaintiff's motion for a new trial.

On appeal, plaintiff challenged the propriety of the District Court's order granting the reserved motion for a directed verdict in favor of the defendant when the jury had already returned a verdict in favor of the defendant, and judgment in favor of defendant had been entered thereon. Plaintiff also assigned as error the Court's submission to the jury of the issues of contributory negligence and assumption of risk when such issues were not supported by any evidence.

I

THE DIRECTED VERDICT

█ Although Rule 50, Fed.R.Civ.P., provides for motions for a directed verdict and for judgment notwithstanding the verdict, we find no provision therein for granting a directed verdict in favor of a defendant after a jury has already returned a defendant's verdict and judgment has been entered thereon. However, we find no prejudice to the plaintiff resulting from this procedure. In substance, all that the District Judge did was to state that he should have directed a verdict. If, in fact, he should have

* The Honorable William Henry Hastie, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

directed a verdict, the Court could have considered the other alleged errors as nonprejudicial without directing a verdict. We can do likewise.

■■ In our opinion there was no substantial evidence tending to prove that the machine was defective at the time it was manufactured and sold and delivered to plaintiff's employer. On the other hand, any defect which thereafter developed by reason of work done on the machine by plaintiff's employer, cannot be attributed to the defendant.

## II

### THE ALLEGED ERROR

■ The alleged error in submitting to the jury the erroneous instructions on contributory negligence and assumption of risk must be disregarded under Ohio law.

■ Where jurisdiction is founded upon diversity of citizenship, and state-created rights are sought to be enforced in the federal courts, this Court has consistently construed a general verdict as the forum state would construe it. Adkins v. Ford Motor Co., 446 F.2d 1105 (6th Cir. 1971); Ollier v. Lake Central Airlines, Inc., 423 F.2d 554 (6th Cir. 1970).

It was conceded by counsel for appellant that the issue of negligence was submitted to the jury free from error.

■ In Ohio, where a jury returns a general verdict in a case involving more than one issue and where the verdict is not tested by interrogatories to determine on which issue the jury based its decision and one of the issues was submitted free from error, it is presumed that all issues were decided in favor of the prevailing party, and the error in presenting the other issues will be disregarded. Centrello v. Basky, 164 Ohio St. 41, 128 N.E.2d 80 (1955); Bush v. Harvey Transfer Co., 146 Ohio St. 657, 67 N.E.2d 851 (1946); Jones v. Kline, Ohio App., 73 Ohio Law Abst. 354, 137 N.E.2d 611 (1955).

Affirmed.