Randy DELK, et al., Plaintiffs,

v.

HOLIDAY INNS, INC., et al., Defendants.

No. C–1–81–624.

United States District Court, S. D. Ohio, W. D.

Aug. 16, 1982.

Stanley Chesley, Cincinnati, Ohio, for plaintiffs.

William McCracken, Columbus, Ohio, for defendants.

ORDER GRANTING MOTIONS OF J. P. STEVENS & CO., CELANESE POLYMERS & SPECIALTIES COMPANY AND MIDWEST RUG CO. FOR A DIRECTED VERDICT

CARL B. RUBIN, Chief Judge.

This matter is before the Court on the Motion of defendants, J. P. Stevens & Co.,

Inc., Celanese Polymers & Specialties Co. and Midwest Rug Company, for a Directed Verdict at the conclusion of all the evidence pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

Plaintiffs are former guests of the Holiday Inn at Cambridge, Ohio who claim damages for injuries sustained in a fire at that motel. On July 31, 1979, one Gerald Willey poured gasoline on the carpeting of the first floor corridor of the motel and ignited it.[1] Plaintiffs allege that their injuries resulted from the excessive smoke and hazardous gaseous by-products of the burning carpet and wallcovering in the hallway of the motel.

This Motion for Directed Verdict requires a synthesis of two principles of product liability law. Can the concept of strict liability under section 402A be reconciled with the accepted proposition that a manufacturer of a product is not an insurer of the safety of all users under all circumstances? Restatement (Second) of Torts, § 402A (1966). Since this is a diversity case, the Court is bound by the substantive law of the State of Ohio. *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

As threshold matters, the Court determines:

(A) This case does not involve a manufacturing defect in either the carpet or wallcovering. No evidence was presented that either product deviated from the manufacturers' intended result. *Drayton v. Jiffee Chemical Corp.*, 591 F.2d 352, 357 (6th Cir. 1978).

(B) No evidence was presented of a breach of express warranty as defined in *Inglis v. American Motors Corp.*, 3 Ohio St.2d 132, 209 N.E.2d 583 (1965).

(C) Because there are virtually no distinctions between Ohio's implied warranty theory and its § 402A theory of liability, the Court's holding on Defendants' § 402A liability is likewise dispositive of Plaintiffs'

---

1. Mr. Willey was subsequently convicted of arson and is now serving a prison term.

breach of implied warranty claim. *Leichtamer v. American Motors Corp.*, 67 Ohio St.2d 456, 424 N.E.2d 568 (1981).

Ohio law provides a cause of action in strict liability under § 402A of the Restatement (Second) of Torts against a product's manufacturer or designer for injuries to consumers or users of that product. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977). Section 402A provides in part:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer . . . is subject to liability for physical harm thereby caused. . . ." *Id.*

In a recent decision, the Ohio Supreme Court defined "defect" in terms of a "defective condition" and dispensed with the previous requirement of establishing that a product was "unreasonably dangerous." [2] *Knitz v. Minster Machine Company*, 69 Ohio St.2d 460, 464 n.2, 432 N.E.2d 814 (1982). A product is defective under Ohio law if it is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner. *Id.* at 460, 432 N.E.2d 814. The consumer expectancy test is designed to reflect the commercial reality that, implicit in a product's presence on the market, is a representation that it will safely do the jobs for which it was built. *Id.* This test utilizes an objective standard and not the subjective expectations of a particular user or consumer. *Leichtamer v. American Motors Corp.*, 67 Ohio St.2d 456, 467, 424 N.E.2d 568 (1981).

In considering a Motion for a Directed Verdict, the trial judge must view the evidence in the light most favorable to the Plaintiffs and must make all permissible inferences in favor of the Plaintiffs. *Dowdell v. U. S. Industries, Inc.*, 495 F.2d 641, 643 (6th Cir. 1974). The Court may not weigh the credibility of the witnesses or otherwise consider the weight of the evidence. *Id.* at 642. In applying such a standard, the following may be said of the testimony on the issue of liability. Plaintiffs have failed to produce or proffer any evidence that these Defendants advertised or represented to purchaser Holiday Inn that their products were treated or manufactured in such a way as to be fire and smoke resistant.[3] On these facts, it is clear that the intended ordinary use of the products did not include exposure to an incendiary fire.

The more difficult problem in applying the consumer expectancy definition of "defect" is determining whether these products were used in a reasonably foreseeable manner. For Plaintiffs to prevail, Defendants must be held liable for failure to design products that will not cause injury to any person in the event of an incendiary fire. No authority has been suggested by Plaintiffs and none has been found by the Court that is of assistance on this precise point. The product liability case law speaks of foreseeable uses. It does not speak of foreseeable disasters.

No evidence was presented, and indeed none was suggested, that either of these products would produce toxic fumes at ambient temperatures. Record at 714. *See, Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d 1059 (Alaska 1979) (materials inside mobile home released formaldehyde fumes at ambient temperatures). In the present case, temperatures reached between 1000 degrees to 1700 degrees F within three to five minutes. Record at 546, 778. The testimony of Plaintiffs' expert was quite specific in stating that the polyvinyl chlo-

---

**2.** An alternative risk-benefit definition of "defect" under § 402A has recently been made available under particular fact situations. *Knitz*, 69 Ohio St.2d at 465, 432 N.E.2d 814. Even if this risk-benefit test would apply to these facts, Plaintiffs have failed to establish a design defect by not introducing evidence of mechanical and economic feasibility of an improved design. *Dreisonstock v. Volkswagen-*

*werk*, 489 F.2d 1066 (4th Cir. 1974); *Knitz, supra.*

**3.** The only evidence of any advertising proffered by Plaintiffs dealt only with Defendant, Holiday Inn, and not with the Defendants involved herein. For reasons not germane to this decision, such advertising was held inadmissible.

ride in the wallcovering did not begin to decompose until a temperature of 212 degrees F was reached and that the maximum release of hydrogen chloride occurred at 500 degrees to 550 degrees F. *Id.* at 545–46. Danger did not exist under normal foreseeable uses. It occurred only by virtue of the product's presence at the scene of a disaster.

■ This is not to suggest that a carpet manufacturer is sheltered from all liability under all circumstances. Where the injuries result from a carpet that disintegrates rapidly under normal use or becomes excessively slippery when wet, the strictures of § 402A apply. *See, Teti v. Firestone Tire and Rubber Company,* 392 F.2d 294, 295 (6th Cir. 1968).

■ In essence, Plaintiffs seek to make these Defendants "insurers." An "insurer" is one who assumes the risk of protecting another against loss due to bodily injuries or death caused by another who is at fault. *Ady v. West American Insurance Co.,* 69 Ohio St.2d 593, 602, 433 N.E.2d 547 (1981). An insurer is bound to anticipate and guard against grossly careless misuse of his product. *Schemel v. General Motors Corp.,* 384 F.2d 802, 805, *rev'd on other grounds, Huff v. White Motor Corp.,* 565 F.2d 104 at 106 (7th Cir. 1977). To extend liability to a situation which might occur, but is not part of the ordinary use of the product nor is reasonably foreseeable as a result of the ordinary use of the product, renders the manufacturer an "insurer" of his product and subjects him to absolute liability rather than strict liability. *Strimbu v. American Chain & Cable Company, Inc.,* 516 F.2d 781, 784 (6th Cir. 1975). There has been cited no authority that the manufacturing of a product in and of itself creates liability. Liability requires proof that there is a defect in the design or the manufacture of the product. Accordingly, this Court holds that, construing all the evidence in favor of the

plaintiffs, reasonable minds must conclude that there is no design defect in the carpet or wallcovering produced by the Defendants.[4]

The development of product liability concepts over the past fifteen years has followed the observation of Justice Frankfurter that "[b]ecause of the momentum of adjudication ... [a] doctrine expands from case to case..." *Knapp v. Schweitzer,* 357 U.S. 371, 374, 78 S.Ct. 1302, 1304, 2 L.Ed.2d 1393 (1958).

Only recently have courts begun to examine the expansion of product liability concepts. No such examination has yet apparently been made regarding the question of liability where a product performs satisfactorily under conditions for which it was intended but performs unsatisfactorily when confronted with a disaster for which it was not.

If these Defendants are liable for the performance of their respective products in a disaster created by the criminal act of a third person, then they have become, in fact, insurers of the safety of their products under every and all conceivable situations.

This Court is unwilling to engraft upon the concept of liability for reasonably foreseeable uses an equivalent liability for possibly foreseeable disasters.

■ The failure of a product to perform under disaster conditions which were not the intended nor reasonably foreseeable uses of the product does not render an otherwise nondefective product defective under § 402A. Accordingly, the Motions for Directed Verdict of Defendants J. P. Stevens & Company, Celanese Polymers & Specialties Company and Midwest Rug Company, are hereby GRANTED.

The Court strongly urges Plaintiffs to appeal this determination. Development of the law belongs more to appellate courts

---

4. Due to the Court's holding, it will be left to the jury whether Holiday Inn's alleged building code violation in placing the products in an exitway or whether the placement of multiple layers of wallpaper on the walls created liability upon that Defendant. Furthermore, the

Court's holding that an incendiary fire is not a reasonably foreseeable use of the Defendant's product is similarly dispositive of Plaintiffs' negligent design claim. *Gosset v. Chrysler Corp.,* 359 F.2d 84, 87 (6th Cir. 1966).

than to trial courts. In the absence, however, of appellate guidance, it is necessary that a trial court take the first step. This is intended to be a first step. It should not be the last.

IT IS SO ORDERED.