Isaac OVERBEE, Jr. and Betty S. Overbee, Plaintiffs-Appellants,

v.

VAN WATERS & ROGERS, A DIVISION OF UNIVAR CORPORATION, and Univar, Inc., Defendants-Appellees.

No. 81–3521.

United States Court of Appeals, Sixth Circuit.

Argued March 10, 1983.

Decided May 10, 1983.

Bernard K. Bauer (argued), O'Brien & Bauer Co., Findlay, Ohio, for plaintiffs-appellants.

M. Donald Carmin (argued), Eastman, Stichter, Smith & Bergman, Toledo, Ohio, for defendants-appellees.

Before LIVELY and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a judgment, entered on a jury verdict in the Northern District of Ohio, holding for defendants-appellees, Van Waters & Rogers, a division of Univar Corporation and Univar, Inc. (hereinafter collectively referred to as Van Waters & Rogers) in this products liability action instituted by plaintiffs-appellants, Isaac Overbee, Jr. (Overbee), and his wife, Betty S. Overbee.

A review of the record reveals the following pertinent facts. From September through November of 1976, Overbee's employer, Northern Ohio Sugar Company (Northern Ohio) ordered and received twelve 54-gallon steel drums of isopropyl alcohol from Van Waters and Rogers at Northern Ohio's Findlay, Ohio manufacturing plant.

On November 11, 1977, Overbee was requested by his supervisor to remove the tops from several empty drums at the Findlay plant to convert them into trash barrels. The tops of these steel drums had to be removed with an acetylene cutting torch. Overbee removed the tops from two or three drums in this fashion without incident. When he continued the same procedure on the next drum, however, it exploded, seriously injuring Overbee. Evidence disclosed that the exploded drum was one purchased from Van Waters & Rogers. The cause of the explosion was attributed to accumulated alcohol fumes within the drum which were ignited by the torch. A post-explosion inspection of the drum revealed that the bung had not been removed from the drum prior to cutting as prudent policy would dictate.

The instant action was instituted on October 19, 1979 in the Common Pleas Court of Hancock County, Ohio by Overbee and his wife. The complaint asserted causes of action in both negligence and strict liability predicated on the allegation that the warnings displayed on the exterior of the exploded barrel were insufficient.[1] The action was removed to the District Court for the Northern District of Ohio on November 16, 1979 on the motion of defendants.

A jury trial commenced in the district court on March 31, 1981. At the conclusion of the plaintiffs' evidence the trial judge directed a verdict for defendants on the strict liability count. Trial concluded on April 3, 1981 when the jury returned a verdict for defendants and judgment was entered dismissing the action.

On April 10, 1981 plaintiffs filed for a new trial and, alternatively, judgment notwithstanding the verdict, charging that the trial judge had erred by directing a verdict on the strict liability count and refusing to

---

1. The drum was labeled with a red diamond signifying flammable contents and carried the following caution:

    WARNING: Flammable
    Harmful if swallowed
    Keep out of reach of children
    Do not take internally
    Keep container closed and away from heat and open flame. Avoid contact with the eyes. Avoid prolonged breathing of vapor. Use with adequate ventilation.

charge the jury on the issue of comparative negligence.[2] The plaintiffs also asserted that a new trial was warranted because of misconduct on the part of the jury foreman. These motions were denied and this appeal ensued.

■ Appellants argue initially that the district court erred in directing a verdict on the strict liability count. The lower court concluded, relying on *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 364 N.E.2d 267 (1977), that Ohio does not recognize a strict liability cause of action arising from allegations of inadequate warning. Recently, the Ohio Supreme Court reaffirmed this aspect of the *Temple* decision in *Knitz v. Minister Machine Co.,* 69 Ohio St.2d 460, 432 N.E.2d 814 (1982). In *Knitz* the Court stated:

> As we pointed out in *Temple,* 50 Ohio St.2d at page 325, 364 N.E.2d 267, "[i]t is * * * apparent that the rule imposing obligation on the manufacturer or seller to give suitable warning of a dangerous propensity of a product is a rule fixing a standard of care, and any tort resulting from the failure to meet this duty is, in essence, a negligent act." . . .
>
> Moreover, we held in *Leichtamer* [*v. American Motors Corp.*], 67 Ohio St.2d [456] at page 469, 424 N.E.2d 568, [1981] that "[t]he absence of a warning does not, without more, provide a basis for [strict] liability; rather, evidence of warning is in the nature of an affirmative defense to a claim that a product is unreasonably dangerous."

*Id.* 466 n. 5, 432 N.E.2d at 818.

Thus, the trial court was correct in directing a verdict for defendants on the strict liability count and appellants' first assignment of error is without merit.[3]

**2.** Initially, on appeal, the appellants continued to press their contention that Ohio's statutory comparative negligence law, O.R.C. § 2315.19, applied retroactively and thus was applicable to this action. At oral argument, appellants conceded that this argument was foreclosed by virtue of *Viers v. Dunlap,* 1 Ohio St.3d 173, 438 N.E.2d 881 (1982).

**3.** This Court is aware that the Ohio Supreme Court has recognized a cause of action in strict liability for a drug manufacturer's failure to adequately warn of the dangers of a particular

■ Appellants next assert that a new trial should have been granted because of misconduct on the part of the jury foreman. The appellants submitted an affidavit from an employee of plaintiffs' attorney with their motion for a new trial. The affidavit stated that, as the affiant and plaintiffs' attorney were leaving the courtroom following trial, they were approached by a juror who expressed an interest in discussing certain aspects of the trial.

While this conversation ensued, the jury foreman approached and joined the discussion. According to the affidavit, the jury foreman, without solicitation, stated that he had been unable to find in favor of the plaintiffs because, during the course of trial, he had consulted a welding training manual at his home which described safety precautions to be employed while welding in the immediate area of explosives and Overbee had not adhered to those precautions.

In response to this motion, the defendants submitted an affidavit from the foreman of the jury in which he stated:

2. On one occasion, while at home, during the [course of trial], [I] glanced through [my] son's electric welding manual. This manual contained no information regarding gas welding or any other information on any matter or issue raised or involved at the trial
. . .

3. [I] did not mention or discuss this manual with any other juror at any time during the trial or during jury deliberations.

4. [My] decision in *Isaac Overbee, Jr., et al. v. Van Waters & Rogers, et al.,*

drug. *Seley v. G.D. Searle & Co.,* 67 Ohio St.2d 192, 423 N.E.2d 831 (1981). In view of the clear, unequivocal statement in *Knitz,* however, the Court is compelled to conclude that *Seley* is limited in application to certain drugs or other products which are "incapable of being made safe for their intended and ordinary use." *Seley, supra,* at 196, 423 N.E.2d at 836, *quoting* Restatement (Second) of Torts § 402A, Comment k. *Cf. Moran v. Johns-Manville Sales Corp.,* 691 F.2d 811 (6th Cir.1982) (asbestos).

was based solely upon the evidence [I] saw and heard presented in the courtroom by the parties to this case and their attorneys and was in no way influenced by or based upon the electric welding manual referred to in paragraphs 2 and 3 above.

Without conducting a hearing, the trial judge rejected the juror misconduct allegation, relying, in part, on the affidavit of the jury foreman.

The trial court did not have the benefit of this Circuit's recent decision in *In Re Beverly Hills Fire Litigation,* 695 F.2d 207 (6th Cir.1982), wherein we examined the governing principles with respect to claims of juror misconduct. One of the factual issues in *Beverly Hills* was the propensity of certain screws used to secure aluminum electrical wiring to loosen over a period of years thereby creating a fire hazard. In that case a juror tested identical screws in his home and found that they had not loosened. He discussed his experiment with several other jurors. This Circuit concluded that a new trial was warranted, stating:

> The jury's receipt of such extraneous information "requires that the verdict be set aside, unless entirely devoid of any proven influence or the probability of such influence upon the jury's deliberations or verdict."

*Id.* at 215, *quoting, Stiles v. Lawrie,* 211 F.2d 188, 190 (6th Cir.1954).

The affidavits in the instant case join questions of fact as to the impact of external evidence upon the jury verdict. The Court is thus persuaded that the plaintiffs were entitled to an evidentiary hearing on this issue and it was error for the trial court to decide the question on the basis of conflicting affidavits.

Accordingly, the judgment of the district court must be reversed and the matter remanded for an evidentiary hearing consistent with this opinion.