782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANTHONY PALMIERI, Plaintiff-Appellant
v.
CHEVROLET MOTORS DIVISION, GENERAL MOTORS CORPORATION;
KELSEY-HAYES COMPANY; KELSEYHAYES COMPANY, WHEEL DRUM &
BRAKE DIVISION; COOPER TIRE & RUBBER COMPANY; HERCULES TIRE
& RUBBER COMPANY and B. F. GOODRICH COMPANY, Defendants-Appellees.
 84-3917
 United States Court of Appeals, Sixth Circuit.
 12/23/85
 
 Before: MERRITT and MARTIN, Circuit Judges; and JOHNSTONE, Chief District Judge.*
 PER CURIAM.
 
 
 1
 In this products liability action, Anthony Palmieri appeals a jury verdict in favor of defendant Kelsey-Hayes Company. Palmieri sustained personal injuries while mounting a 16-inch tire onto a 16.5-inch Kelsey-Hayes wheel rim. Palmieri initially brought an action in Cuyahoga County Common Pleas Court against various defendants, all of whom participated in a negotiated settlement except Kelsey-Hayes. Kelsey-Hayes had this remaining case removed to federal court based on diversity of citizenship.
 
 
 2
 Palmieri presented two legal theories of recovery in the district court. The first was a strict liability theory, based on the company's failure to design the wheel rim with proper size tire markings and warnings concerning the dangers of mismatching different sized tires and wheel rims. The district court ruled that this theory did not state a cause of action for strict liability, because under Ohio law 'failure to warn' supported only a negligence cause of action. After trial, the jury was instructed on the issues of negligence, comparative negligence, intervening cause, proximate cause, and damages. The jury found for Kelsey-Hayes, and in answers to special interrogatories indicated that neither party committed an act of negligence causing Palmieri's injury.
 
 
 3
 Palmieri's main argument on appeal is that the district court erred in not considering his claim that Kelsey-Hayes should be held strictly liable. Palmieri contends that the size markings and warnings were part of the design of the wheel rim, and for that reason should be considered under strict liability as a design defect.
 
 
 4
 Palmieri's attempt to classify this diversity action as one in products strict liability is without direct precedent in Ohio. It is true that other jurisdictions, as well as numerous legal commentators, have adopted a different approach. See, e.g., Wade, 'On the Nature of Strict Liability for Products,' 44 Miss. L.J. 825, 842 (1973).
 
 
 5
 This Court is, of course, bound by relevant Ohio law, which we recently stated in Overbee v. Van Waters & Rogers, Inc., 706 F.2d 768, 770 (6th Cir. 1983), citing Knitz v. Minister Machine Co., 69 Ohio St. 2d 460, 466 n.5, 432 N.E.2d 814, 818 (1982): '[i]t is . . . apparent that the rule imposing obligation on the manufacturer or seller to give suitable warning of a dangerous propensity of a product is a rule fixing a standard of care, and any tort resulting from the failure to meet this duty is, in essence, a negligent act.' This position was affirmed in Rimer v. Rockwell Int'l Corp., 739 F.2d 1125, 1128-29 (6th Cir. 1984). See also Leichtamer v. American Motors Corp., 67 Ohio St. 2d 456, 469, 424 N.E.2d 568 (1981) ('[t]he absence of a warning does not, without more, provide a basis for [strict] liability; rather, evidence of warning is in the nature of an affirmative defense to a claim that a product is unreasonably dangerous.')
 
 
 6
 Palmieri maintains that a recent Ohio Court of Appeals decision, Krosky v. Ohio Edison Co., 20 Ohio App. 3d 10 (1984), supports his position. In addition to the questionable precedential value of this Court of Appeals holding, Krosky's reasoning does not apply to the facts of this case. Krosky holds only that a failure to warn may support an action in strict liability with respect to unavoidably unsafe products, citing Seley v. G.D. Searle & Co., 67 Ohio St. 2d 192, 423 N.E.2d 831 (1981). Seley involved the liability of a drug manufacturer for failure to adequately warn of the dangers of a specific drug. The clear language of Knitz has not been affected. In fact, in Overbee this Court noted that the Ohio Supreme Court has apparently limited the Seley holding to its facts. Overbee, 706 F.2d 768, 770 n.3. In the absence of any change in position by the Ohio Supreme Court, we must agree with the district court's conclusion that Palmieri's cause of action for failure to warn cannot be asserted under a strict liability theory.
 
 
 7
 Palmieri next claims that the district court erred in charging the jury on intervening cause, arguing that no expert testimony was heard in this issue. Because the jury was permitted to speculate that the overinflation of the tire caused the accident, Palmieri contends, this instruction was error. We cannot say that the district court's issuance of an instruction on intervening cause was prejudicial error. We know of no requirement that expert testimony must be heard on on this issue in order for it to be properly presented to the jury. Direct evidence concerning the possible defect in the tire was in the record, and the issue was argued by counsel in their closing arguments. Additionally, evidence was presented at trial that other parties could have committed acts of negligence that caused the injury to Palmieri. In answers to special interrogatories, the jury determined that neither party committed a culpable act of negligence that proximately caused plaintiff's injuries. We believe the charge in this case satisfies the Ohio rule on jury instructions set forth in Wasserman v. Buckeye Union Casualty Co., 29 Ohio App. 2d 7, 277 N.E.2d 569 (1972).
 
 
 8
 Palmieri's contention that the jury verdict was against the manifest weight of the evidence is without merit. Under Ohio law, a reviewing court may not vacate a jury verdict as against the weight of the evidence if the judgment is 'supported by some competent, credible evidence going to all the essential elements of the case.' Seasons Coal Co. v. Cleveland, 10 Ohio St. 3d 77, 461 N.E.2d 1273 (1984). Clear evidence exists in the record to support the jury's verdict in this case.
 
 
 9
 Finally, Palmieri contends that the trial court abused its discretion in refusing to direct a verdict in his favor because of defense counsel's 'prejudicial misconduct' in attempting to use a tape-recorded statement of plaintiff's witness to impeach the witness. This contention is also without merit, both because it is clear from the record that the jury in fact did not hear the recording, and because a directed verdict would have been the inappropriate remedy in this case.
 
 
 10
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Edward H. Johnstone, Chief United States District Judge for the Western District of Kentucky, sitting by designation